W. P. Todd v. The Phœnix Loan Association, of
St. Joseph, Missouri.

No. 495.*

Mechanics' Liens— *Construction of Bond.* The bond in this case
examined, and held to require the obligors to keep the property
from becoming encumbered by liens. The question whether or
not the court committed error in the actions by which liens were
established cannot be considered in this case.

Error from Brown district court; R. M. Emery,
judge. Opinion filed December 15, 1898. Affirmed.

*Means & Smith,* for plaintiff in error.
*James A. Clark,* for defendant in error.

The opinion of the court was delivered by

Wells, J. : On December 13, 1894, the Phœnix
Loan Association, of St. Joseph, Mo., filed its petition
in the district court of Brown county against C. B.
Toppan, Maggie A. Toppan, and W. P. Todd, charg-
ing said defendants with liability on a bond given by
them to the plaintiff, conditioned that said Maggie A.
Toppan should pay off and discharge all liens on the
buildings and improvements to be erected on certain
described town lots in Horton, on which plaintiff had
made a loan, by reason of the failure and refusal of
said Maggie A. Toppan to pay a certain lien of the
Chicago Lumber Company, which had put its claim in
judgment and secured an order for the sale of the lots
to satisfy the same, to the damage of plaintiff in the
sum of $745.02.

For answer to this petition, the defendant W. P.
Todd admitted the execution of the bond sued on, the

* Petition for order to certify denied by supreme court February
11, 1899.—Rep.

Todd v. Loan Association.

erection of the improvements, the making the loan to plaintiff, alleged the payment to the Chicago Lumber Company for the material used, denied the validity of the Chicago Lumber Company's lien, and averred that the property was sold at sheriff's sale and purchased by plaintiff at less than two-thirds of its actual value and that plaintiff is the owner and holder thereof. An answer was also filed for C. B. Toppan and Maggie A. Toppan, by Means & Smith, their attorneys. At the beginning of the trial Means & Smith appear to have withdrawn as the attorneys of the Toppans, or of C. B. Toppan, the journal entry in relation thereto being as follows : "Means & Smith asked to withdraw from said case as attorneys for C. B. Toppan, and Maggie Toppan not appearing nor being served with summons in the action thereon as required by law, said cause came on for trial as aforesaid, C. B. Toppan not being present in person or by attorney." A trial was had, findings of fact and conclusions of law made by the court, and judgment rendered in favor of the plaintiff and against C. B. Toppan and W. P. Todd for $664.72 and costs of suit. The defendant W. P. Todd brings the case here for review.

We do not deem it necessary to consider the motion to dismiss the proceedings in error on account of the absence of necessary parties in this court, as our views on the merits of the case are such as to render a decision on the motion unnecessary. The main question requiring our consideration in this case is, What liability did the plaintiff in error assume by the execution of the bond sued on? Was it only to indemnify the beneficiary thereof against loss by reason of any just, equitable and legal claim which should be lawfully established against the mortgaged property ; or was it to indemnify against any loss or damage .

it might sustain on account of the neglect or failure of said Maggie A. Toppan to pay off and discharge any such demand, claim or lien as she might cause, permit or allow to be established against said property? The bond reads as follows:

"KNOW ALL MEN BY THESE PRESENTS: That we, Maggie A. Toppan, of Horton, county of Brown, state of Kansas, as principal, and W. P. Todd and C. B. Toppan, both of Horton, county of Brown, state of Kansas, as sureties, are held and firmly bound unto the Phœnix Loan Association, of St. Joseph, Mo., a corporation duly incorporated and existing under and by virtue of the laws of the state of Missouri, in the sum of twelve hundred and no-100 dollars, lawful money of the United States of America, to be paid to the said association at their office in St. Joseph, Mo., their successors, or their certain attorneys or assigns, for which payment well and truly to be made we jointly and severally bind ourselves, our heirs, executors, administrators, and assigns, firmly by these presents.

"Sealed with our seals, and dated at Horton, Kan., this 3d day of June, 1891.

"The conditions of this obligation are such, that whereas, the said Maggie A. Toppan, principal in the said obligation, has constructed and is constructing a building and other improvements on lots 29 and 30, in block 8, in the Kansas City addition to the city of Horton, in the county of Brown, in the state of Kansas; and whereas, the said Phoenix Loan Association is to furnish, advance and loan to said Maggie A. Toppan, money to be used in paying for labor done and material furnished in the construction of said building and improvements, or for other purposes, the payment of the money so furnished, advanced and loaned to said Maggie A. Toppan, secured to the said Phoenix Loan Association by a mortgage or deed of trust on the lot and premises herein above described: now, if the said Maggie A. Toppan shall fully pay and discharge all claims and demands of every kind and description for

and on account of labor done and material furnished in, for and about the construction of said building and improvements, and shall pay off and discharge all such demands and claims before any lien is filed against said property, and shall pay off and discharge all liens which may exist against said property, and shall fully indemnify the said Phoenix Loan Association for and on account of any loss or damage it may sustain on account of the neglect or failure of said Maggie A. Toppan to pay off and discharge any such demand, claim, or lien, then this obligation shall be void; otherwise it shall remain in full force and effect.

"Witness our hands and seals, this the day and year above written.        MAGGIE A. TOPPAN. [SEAL.]
                                         W. P. TODD.        [SEAL.]
                                         C. B. TOPPAN.      [SEAL.]"

We think the plain import of said obligation is to keep any claim from becoming a lien on said property, and if so, the question of *res judicata* is not involved. The only questions are, Did the obligors keep said property from becoming encumbered with liens? And if not, what damages did the obligee sustain by reason thereof? These questions were correctly answered by the trial court and we see no reversible error herein.

The judgment of the court below is affirmed.